UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TROPIC SUN TOWERS CONDOMINIUM
ASSOCIATION, INC.,
    Plaintiff,

-vs-                                              Case No. 6:05-cv-1284-Orl-18DAB

ZURICH AMERICAN INSURANCE
COMPANY OF ILLINOIS,
    Defendant.

# ORDER

THIS CAUSE comes before the Court upon Defendant's Motion for Partial Summary Judgment (Doc. 14, filed October 5, 2006), to which Plaintiff responded in opposition. (Doc. 19, filed October 19, 2006.) Plaintiff Tropic Sun Towers Condominium Association, Inc. ("Plaintiff") brings this action against Defendant Zurich American Insurance Company of Illinois ("Defendant") asserting a claim for damages and declaratory relief relating to damage to Plaintiff's property due to Hurricane Charley in August 2004. After reviewing the motions and memoranda filed by the parties, this Court **DENIES** Defendant's Motion for Partial Summary Judgment.

## I. DISCUSSION

*A. Summary Judgment Standard*

A court will grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." Fed. R. Civ. P. 56(c); see. e.g., Stachel v. City of Cape Canaveral, 51 F. Supp. 2d 1326, 1329 (M.D. Fla. 1999). Material facts are those that may affect the outcome of the case under the applicable substantive law. Disputed issues of material fact preclude the entry of summary judgment, but factual disputes that are irrelevant or unnecessary do not. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of proving that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986). In determining whether the moving party has satisfied its burden, the Court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). The moving party may rely solely on the pleadings to satisfy its burden. Celotex, 477 U.S. at 323-24. A non-moving party bearing the burden of proof, however, must go beyond the pleadings and submit affidavits. depositions. answers to interrogatories. or admissions that designate specific facts indicating there is a genuine issue for trial. Id. at 324. If the evidence offered by the non-moving party is merely colorable, or is not significantly probative, the Court may grant summary judgment. Anderson, 477 U.S. at 249-50. Similarly, summary judgment is mandated against a party who fails to prove an essential element of its case. Celotex, 477 U.S. at 322.

## B. Dispute as to Material Fact

Plaintiff and Defendant are in dispute over whether damage to Plaintiff's property, caused by Hurricane Charley in August 2004, is properly covered under the insurance policy that

was effective between the two parties at the time of the storm. The main dispute before this Court upon Defendant's Motion is whether the damage to Plaintiff's property was caused by permanent damage to the sliding glass doors (which allowed water into the building) or whether the damage to the sliding glass doors was only temporary, and therefore not covered under the insurance policy. This is pertinent because the insurance policy in question prohibits payment for water damage unless the "building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain . . . enters." (Doc. 14 at 5.)

Both parties have retained experts to ascertain the extent of the damage to Plaintiff's property, as well as the root cause of that damage. These experts disagree on several key issues, most notably the damage to the sliding glass doors. This type of disagreement between expert witnesses is a textbook example of when summary judgment should be denied. As Defendant stated in its memorandum, "if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 594 (11th Cir. 1995). Such a dispute over material facts is within the purview of the fact finder, not the Court on summary judgment, to decide.

## II. CONCLUSION

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment is **DENIED**.

Defendant has also filed a Memorandum of Law in Reply to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Partial Summary Judgment. (Doc. 23, filed October 25, 2006.) Defendant did not receive leave from the Court to file this further memorandum, as required under Local Rule 3.01(c). Therefore, this Memorandum of Law (Doc. 23) is hereby **STRICKEN FROM THE RECORD**.

**DONE** and **ORDERED** in Orlando, Florida on this _8th_ day of December, 2006.

_____
G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties